

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00435-CV

**IN THE INTEREST OF J.C.**, I.C., and A.C., Children

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA01998
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed:  November 7, 2018

AFFIRMED

Mom appeals the trial court's order terminating her parental rights to her children J.C., I.C., and A.C.[i]  Mom asserts the trial court could not have found by clear and convincing evidence that terminating her parental rights is in the children's best interests.  We affirm the trial court's order.

## BACKGROUND

On August 31, 2017, Mom left her three young children alone in the hotel room where they were staying so she could run an errand.[ii]  She was pulled over in a traffic stop and arrested for possession of drug paraphernalia and driving with a suspended license.  The Department petitioned for conservatorship of the children.  The trial court appointed the Department as the children's

---

[i] To protect the minors' identities, we refer to Mom and the children using aliases.  *See* TEX. R. APP. P. 9.8.
[ii] Because Mom is the only appellant, we recite only those facts that pertain to Mom or the children.

temporary managing conservator and placed Mom on a service plan. Mom did not complete her service plan or appear at trial. Citing grounds (N), (O), and (P), and the best interests of the children, the trial court terminated Mom's parental rights to the children. Mom appeals.

## EVIDENCE REQUIRED, STANDARDS OF REVIEW

The evidentiary standards[1] the Department must meet and the statutory grounds[2] the trial court must find to terminate a parent's rights to a child are well known, as are the legal[3] and factual[4] sufficiency standards of review. We apply them here.

## BASES FOR TERMINATING MOM'S PARENTAL RIGHTS

### A.    Mom's Course of Parental Conduct

The trial court found Mom's course of conduct met the statutory grounds of (N), (O), and (P). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O), (P). On appeal, Mom does not challenge the trial court's statutory grounds findings.

### B.    Best Interests of the Children

Instead, Mom challenges the sufficiency of the evidence supporting the trial court's finding that terminating her parental rights is in her children's best interests. *See id.* § 161.001(b)(2). The Family Code statutory factors[5] and the *Holley* factors[6] for best interests of the children are well known. Applying each standard of review and the applicable statutory and common law factors, we examine the evidence pertaining to the best interests of the children.

### C.    Witnesses at Trial

In a one-day bench trial, the trial court heard testimony from Mary Rosetti and Asta Bilderback, the Department case workers. The trial court also received recommendations from the children's attorney ad litem and the CASA volunteer. The trial court was the "sole judge[] of the credibility of the witnesses and the weight to give their testimony." *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005); *cf. In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam).

**D.     Evidence of Best Interests of the Children**

The trial court heard the following testimony.

Mom left her three children, the oldest ten years old and the youngest seven years old, by themselves in a hotel room so she could run an errand. The youngest child, whose heart condition requires a pacemaker and medications at intervals during the day, was left in the care of the ten-year old. While Mom was out, in a traffic stop, she was arrested for possession of drug paraphernalia in her vehicle and driving with a suspended license. Mom tested positive for amphetamines and methamphetamines at the time of her arrest, but she attributed the results to her prescription medication. In her absence, the children were taken into custody and placed in the San Antonio Children's Shelter. No relatives qualified for placement, but the Department found a foster family for placement, and the family wants to adopt all three children.

**E.     Mom's Plan Compliance**

Mom was ordered to complete individual therapy sessions, submit to random drug tests, and complete a drug treatment course, but she did not complete any of her services. On her first hair follicle test, Mom tested positive for cocaine, but she refused three subsequent tests. The Department scheduled an intake interview for in-patient drug treatment, but Mom failed to show up for the appointment. Both case workers testified Mom did not participate in drug treatment as ordered and Bilderback testified she believed Mom was still using drugs. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (8), (10), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H)).

**F.     Mom's Care for the Children**

Mom knew her youngest child, A.C., had a pacemaker and required careful supervision and daily medications, but she left the children alone. Mom attended most of the supervised visits with her children, but over a period of six months, Mom was 30–45 minutes late for at least half of the one-hour appointments. Mom did not attend the trial or provide the court with an

explanation for her absence. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (10), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H), (I)).

### G. Mom's Behaviors Affecting the Children

The Department acknowledged that Mom loves her children and the children love her and want her to live with them, but the Department was concerned that Mom missed a great deal of time she could have visited with her children and she was continuing to use drugs. When in Mom's care, the children were not properly supervised, the two oldest were struggling in school, and A.C. was not getting the medical care she needed. *See* TEX. FAM. CODE ANN. § 263.307(b)(3), (10), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H), (I)).

### H. Options, Recommendations

Since their placement with the foster family, the children are doing exceedingly well. The two oldest are excelling academically and the youngest is receiving the needed medical care. The foster parents are meeting the needs of each child, they love the children, the children are doing well under their care, and the foster parents want to adopt all three children. *See* TEX. FAM. CODE ANN. § 263.307(b)(13); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (G), (H)).

Both the Department case workers, the children's ad litem, and the CASA volunteer all recommended Mom's parental rights be terminated.

Considering all the evidence under the two evidentiary standards, we conclude the trial court could have formed a firm belief or conviction that terminating Mom's parental rights to her children was in the children's best interests. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012).

### CONCLUSION

Because the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing evidence (1) of at least one predicate ground for termination and

(2) that termination of Mom's parental rights is in the best interest of each child, we affirm the trial court's order.

Patricia O. Alvarez, Justice

---

[1] Clear and Convincing Evidence. If the Department moves to terminate a parent's rights to a child, the Department must prove by clear and convincing evidence that the parent's acts or omissions met one or more of the grounds for involuntary termination listed in section 161.001(b)(1) of the Family Code, and terminating the parent's rights is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002). The same evidence used to prove the parent's acts or omissions under section 161.001(b)(1) may be used in determining the best interest of the child under section 161.001(b)(2). *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002); *In re D.M.*, 452 S.W.3d 462, 471 (Tex. App.—San Antonio 2014, no pet.); *see also* TEX. FAM. CODE ANN. § 161.001(b). The trial court may consider a parent's past deliberate conduct to infer future conduct in a similar situation. *D.M.*, 452 S.W.3d at 472.

[2] Statutory Grounds for Termination. The Family Code authorizes a court to terminate the parent-child relationship if, inter alia, it finds by clear and convincing evidence that the parent's acts or omissions met certain criteria. *See* TEX. FAM. CODE ANN. § 161.001(b). Here, the trial court found Mom's course of conduct met the following criteria or ground:

(N) constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months, and:
   (i) the department has made reasonable efforts to return the child to the parent;
   (ii) the parent has not regularly visited or maintained significant contact with the child; and
   (iii) the parent has demonstrated an inability to provide the child with a safe environment;
(O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child; [and]
(P) used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the child, and:
   (i) failed to complete a court-ordered substance abuse treatment program; or
   (ii) after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance.

*Id.* § 161.001(b)(1).

[3] Legal Sufficiency. When a clear and convincing evidence standard applies, a legal sufficiency review requires a court to "'look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.'" *In re J.L.*, 163 S.W.3d 79, 85 (Tex. 2005) (quoting *J.F.C.*, 96 S.W.3d at 266). If the court "'determines that [a] reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true,'" the evidence is legally sufficient. *See id.* (quoting *J.F.C.*, 96 S.W.3d at 266).

[4] Factual Sufficiency. Under a clear and convincing standard, evidence is factually sufficient if "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *C.H.*, 89 S.W.3d at 25; *accord In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We must consider "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *J.F.C.*, 96 S.W.3d at 266; *accord H.R.M.*, 209 S.W.3d at 108.

[5] Statutory Factors for Best Interest of the Child. The Texas legislature codified certain factors courts are to use in determining the best interest of a child:
   (1) the child's age and physical and mental vulnerabilities;
   (2) the frequency and nature of out-of-home placements;
   (3) the magnitude, frequency, and circumstances of the harm to the child;

(4)    whether the child has been the victim of repeated harm after the initial report and intervention by the department;

(5)    whether the child is fearful of living in or returning to the child's home;

(6)    the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home;

(7)    whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home;

(8)    whether there is a history of substance abuse by the child's family or others who have access to the child's home;

(9)    whether the perpetrator of the harm to the child is identified;

(10)    the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision;

(11)    the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time;

(12)    whether the child's family demonstrates adequate parenting skills; . . . and

(13)    whether an adequate social support system consisting of an extended family and friends is available to the child.

TEX. FAM. CODE ANN. § 263.307(b); *see* [citations to cases in COA jurisdiction].

[6] *Holley* Factors. The Supreme Court of Texas identified the following factors to determine the best interest of a child in its landmark case *Holley v. Adams*:

(A)   the desires of the child;

(B)   the emotional and physical needs of the child now and in the future;

(C)   the emotional and physical danger to the child now and in the future;

(D)   the parental abilities of the individuals seeking custody;

(E)   the programs available to assist these individuals to promote the best interest of the child;

(F)   the plans for the child by these individuals or by the agency seeking custody;

(G)   the stability of the home or proposed placement;

(H)   the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and

(I)   any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (footnotes omitted); *accord In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012) (reciting the *Holley* factors).